James L. **POINDEXTER** and Deborah S. **Poindexter**, Plaintiffs,

v.

**MORSE CHEVROLET, INC.** d/b/a/ Morse Chevrolet–Geo, Inc., and Mid–Continent Lease & Rental Car Sales, Inc., Defendants.

No. CIV.A. 02–2436–KHV.

United States District Court,
D. Kansas.

Sept. 22, 2003.

---

Bernard E. Brown, James A. Rynard, Jr., The Brown Law Firm, Kansas City, MO, for Plaintiffs.

David J. Roberts, Kevin D. Case, Case & Roberts, PC, Jeffrey R. Siegel, Shaffer, Lombardo & Shurin, Kansas City, MO, Justin J. Johl, Kevin J. Karpin, Shook, Hardy & Bacon L.L.P., Overland Park, KS, for Defendants.

David J. Roberts, Kevin D. Case, Case & Roberts, PC, Kansas City, MO, for Cross Claimant.

Jeffrey R. Siegel, Shaffer, Lombardo & Shurin, Kansas City, MO, Justin J. Johl, Kevin J. Karpin, Shook, Hardy & Bacon L.L.P., Overland Park, KS, for Cross Defendant.

### MEMORANDUM AND ORDER

VRATIL, District Judge.

This matter is before the Court on *Defendant Mid–Continent Lease & Rental Car Sales, Inc.'s Motion For Attorney's Fees* (Doc. # 90) filed July 22, 2003. For reasons stated below, Mid–Continent's motion is overruled.

### Procedural History

On September 11, 2002, James L. and Deborah S. Poindexter brought suit against Morse Chevrolet, Inc. ("Morse") and Mid–Continent Lease and Rental Car Sales, Inc. ("Mid–Continent"), alleging that

defendants violated the Magnuson–Moss Warranty Act, 15 U.S.C. § 2310, and the Kansas Consumer Protection Act, K.S.A. §§ 50–626 and 627. Plaintiffs also alleged that defendants committed fraud and negligent misrepresentation.[1]

On April 23, 2003, Mid–Continent filed a motion for judgment on the pleadings. On May 12, 2003, Morse filed a motion to dismiss for lack of jurisdiction. On July 10, 2003, the Court sustained both motions. Specifically, the Court held that K.S.A. § 84–1–103 did not allow plaintiffs to count toward the amount in controversy requirement under the Magnuson–Moss Warranty Act the punitive damages which arguably flowed from their fraud claim. The Court also ruled that without those punitive damages, the amount in controversy was only $23,431.34. The Court dismissed plaintiffs' case because subject matter jurisdiction over plaintiffs' Magnuson–Moss Act claim was lacking and the Court could not exercise supplemental jurisdiction over plaintiffs' pendent state law claims.

Mid–Continent now seeks attorney fees, arguing that under the Kansas Consumer Protection Act, K.S.A. § 50–634(e), it is a prevailing party in a civil proceeding which plaintiffs knew to be groundless. *Defendant Mid–Continent Lease & Rental Car Sales, Inc.'s Motion For Attorney's Fees* (Doc. # 90) filed July 22, 2003. Plaintiffs respond that Mid–Continent is not entitled to attorney's fees because it was not the prevailing party on plaintiffs' state law claims and plaintiffs' claims were not groundless. *Plaintiffs' Memorandum In Opposition To Defendant Mid–Continent Lease And Rental Sales, Inc.'s Motion For Attorney's Fees* (Doc # 96) filed August 12, 2003.

### Analysis

■ K.S.A. § 50–634(e) provides that "the court may award to the prevailing party a reasonable attorney's fee" if "(1) the consumer complaining of the act or practice that violates this act has brought or maintained an action the consumer knew to be groundless" and "(2) an action under this section has been terminated by a judgment." The allowance of attorney fees is made discretionary with the trial court and is permitted only in an action brought under the quoted section. *Johnson v. Geer Real Estate Co.*, 239 Kan. 324, 332–33, 720 P.2d 660, 667 (1986).

■ Here, plaintiffs alleged that defendants violated the Magnuson–Moss Act, 15 U.S.C. § 2310, and the Kansas Consumer Protection Act, K.S.A. §§ 50–626 and 627. Plaintiffs also alleged that defendants committed fraud and negligent misrepresentation. The Court dismissed plaintiffs' case for lack of subject matter jurisdiction. It did not enter judgment for defendants under the KCPA or even address the merit of plaintiffs' KCPA claim. Section 50–634(e) does not authorize a fee award in such circumstances, and the Court therefore overrules Mid–Continent's motion.[2]

■ Alternatively, Mid–Continent asks the Court to award fees in the interests of justice, arguing that plaintiffs acted in an oppressive and vexatious manner when

---

1. In May of 1997, plaintiffs leased a Chevy Lumina from Morse. Plaintiffs experienced numerous problems with the Lumina and in September of 2000, they learned that the Lumina had been involved in a wreck and that the insurance company for the previous owner had paid a total loss claim. Morse had not disclosed the wreck history to plaintiffs. The facts are set out in further detail in the Court's order of July 10, 2003. *Memorandum And Order* (Doc. # 87) at 2–4.

2. If the Court were inclined to award attorney's fees in this case, it would more likely sanction defendant for filing this motion, see Rule 11, Fed.R.Civ.P., than it would sanction plaintiffs for filing their KCPA claim.

they filed two suits on the same day in different courts regarding the same facts and stating the same causes of action.[3] Plaintiffs deny that their federal claim was vexatious or brought in bad faith and argue that fee award is not warranted. *Memorandum In Opposition* (Doc. # 96) at 3.

■■■ Federal courts, in the exercise of their equitable powers, may award attorneys' fees when the interests of justice so require. *Hall v. Cole,* 412 U.S. 1, 4–5, 93 S.Ct. 1943, 36 L.Ed.2d 702 (1973). Typically, under the so-called American Rule, parties must bear the costs of their own attorney's fees.[4] Nonetheless, the Supreme Court has recognized certain exceptions to the American Rule. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 45, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991). One such exception allows courts to assess attorney's fees when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* at 45–46, 111 S.Ct. 2123 (quotations and citations omitted). This exception "derives from the inherent power of the federal courts to sanction conduct that abuses the judicial process." *Towerridge, Inc. v. T.A.O., Inc.,* 111 F.3d 758, 765 (10th Cir.1997). Fees awarded under the bad-faith exception are punitive in na-

ture and are designed to punish the abuse of judicial process. *Id.* (quotations and citations omitted). The Tenth Circuit has defined three forms of bad-faith conduct, one which is not a basis for fee shifting (bad faith in the acts giving rise to the substantive claim) and two which may justify a fee award under the bad-faith exception to the American Rule. (bad faith occurring during the course of litigation that is undisputably abusive of the judicial process or where a party institutes an unfounded action wantonly or for oppressive reasons, or necessitates an action be filed or defends an action through the assertion of a colorless defense, that constitutes bad faith which is grounds for an award of attorneys' fees). *Id.*

Here, Mid–Continent has not established that plaintiffs' suit was abusive of the federal judicial process or that plaintiffs acted in bad faith in bringing it. Similarly, Mid–Continent has not shown that plaintiffs brought an unfounded claim wantonly or for oppressive reasons in this Court. On this record, the Court could as justifiably find that Mid–Continent required this action to be filed or defended the merits through assertion of a colorless defense. The Court did not address the

---

3. Plaintiffs apparently filed identical cases in state and federal court on September 11, 2002. On this record the Court cannot discern a reason for the duplicate filings, or the status of the Johnson County case. Mid–Continent does not cite any authority for the proposition that filing in both courts necessarily evidences bad faith or is necessarily oppressive or vexatious.

4. The Tenth Circuit Court of Appeals has explained the American Rule as follows:
  [T]he longstanding "American Rule," adopted by the Supreme Court in *Arcambel v. Wiseman,* 3 U.S. (3 Dall.) 306, 1 L. Ed. 613 (1796), generally bars prevailing parties from recovering attorneys' fees in the absence of a statute or enforceable contract providing for such an award. *E.g., Alyeska*

*Pipeline Serv. Co. v. Wilderness Soc'y.* 421 U.S. 240, 247, 95 S.Ct. 1612, 1616–17, 44 L.Ed.2d 141, (1975); *F.D. Rich,* 417 U.S. at 126, 94 S.Ct. at 2163–64. The rationale underlying this rule, which often operates to prevent full compensation to injured parties, is that because "litigation is at best uncertain one should not be penalized for merely defending or prosecuting a lawsuit, and that the poor might be unjustly discouraged from instituting actions to vindicate their rights if the penalty for losing included the fees of their opponents' counsel." *Fleischmann Distilling Corp. v. Maier Brewing Co.,* 386 U.S. 714, 718, 87 S.Ct. 1404, 1407, 18 L.Ed.2d 475 (1967).
*Towerridge, Inc. v. T.A.O., Inc.,* 111 F.3d 758, 765 (10th Cir.1997).

merits on any parties' claim, and it cannot find that any party merits punishment for abuse of the judicial process. It therefore overrules Mid–Continent's motion.

**IT IS THEREFORE ORDERED** that *Defendant Mid–Continent Lease & Rental Car Sales, Inc.'s Motion For Attorney's Fees* (Doc. # 90) filed July 22, 2003 be and hereby is **OVERRULED.**